IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ARKANSAS
CIVIL DIVISION

BARBARO TABARES-CARABEO      PLAINTIFF

vs.      Case No. CV-2017- 21

DAVID KAHIU; and
QWETU INC.      DEFENDANTS

FILED
FEB 27 2017
10:27 A.M.
_____ Circuit Clerk
Lawrence Co., AR

## COMPLAINT

COMES NOW the Plaintiff, Barbaro Tabares-Carabeo, by and through his attorneys, Taylor King Law, and for his cause of action against David Kahiu; and Qwetu Inc., does allege and state as follows:

## INTRODUCTION

1. This is an action for ordinary negligence, negligent hiring, negligent training, negligent supervision, negligent retention, and for punitive damages, stemming from an automobile collision occurring on October 13, 2015 in Lawrence County, Arkansas.

## PARTIES

2. Plaintiff, BARBARO Tabares-Carabeo, was at the time of events giving rise to this cause of action a resident of Lawrence County, Arkansas.

3. Separate Defendant DAVID KAHIU (hereinafter "DAVID KAHIU"), at all times mentioned in this Complaint, was a resident of Dallas County, Texas. He may be served at 4849 Frankford Rd. Apt 716, Collin, Texas 75287.

4. Separate Defendant QWETU INC. (hereinafter "QWETU INC."), at all times mentioned in this Complaint, is and was a domestic corporation organized, and

EXHIBIT
A

incorporated. The registered agent for service for QWETU INC. is Edward M. Kiiru. He may be served at 1512 Quail Meadow Dr., Wylie, Texas 75098.

5. At all times mentioned in this Complaint, DAVID KAHIU was an agent, servant, employee, and/or statutory employee of QWETU INC.

6. At all times mentioned in this Complaint, DAVID KAHIU was acting within the scope of his agency, employment, joint employment, statutory employment, and/or under the joint and/or direct control of QWETU INC..

7. As a result of the relationship of DAVID KAHIU to Defendant QWETU INC., all actions of DAVID KAHIU are herein imputed to Defendant, QWETU INC. under agency principles and/or under the doctrine of *Respondeat Superior*.

8. This is a cause of action arising from a motor vehicle, owned by QWETU INC., driven by DAVID KAHIU that struck the vehicle of the Plaintiff BARBARO TABARES-CARABEO on October 13, 2015 in Lawrence County, Arkansas.

9. Hereinafter, in this complaint when I mention QWETU INC. I am referring to the owner of the eighteen wheeler that was involved in the subject accident and any known or unknown parent companies.

## JURISDICTION AND VENUE

10. Jurisdiction is proper under A.C.A. § 16-13-201, which states that circuit courts shall have original jurisdiction of all actions and proceedings for the enforcement of civil rights or the redress of civil wrongs, except when exclusive jurisdiction is given to other courts. Jurisdiction is also proper under the Arkansas Constitution, Amendment 80 § 6(A), which states that circuit courts are established as trial courts of original jurisdiction of all justiciable matters not otherwise assigned pursuant to the Constitution.

11. Venue is proper under A.C.A. § 16-60-112, which states that all actions for damages for personal injury shall be brought in the county where the incident occurred or the county where the person injured resided at the time of the incident.

## FACTS

12. Sometime before October 13, 2015, QWETU INC. hired Defendant DAVID KAHIU to operate one of its tractor-trailer trucks.

13. On October 13, 2015, at approximately 8:57 p.m. DAVID KAHIU was operating a 2003 Freightliner tractor trailer vehicle (hereinafter referred to as "the Rig") for QWETU INC. within the scope of his employment.

14. At the time of the incident, QWETU INC.'s Rig was attempting a left hand turn onto Highway 63 South near Walnut Ridge, Arkansas.

15. At the same time and place, BARBARO TABARES-CARABEO was driving his vehicle north on Highway 63.

16. DAVID KAHIU attempted a left hand turn, causing BARBARO TABARES-CARABEO'S vehicle to strike QWETU INC.'S Rig.

17. DAVID KAHIU drove the Rig in a negligent, careless, and reckless manner causing BARBARO TABARES-CARABEO's rig to strike the rig of DAVID KAHIU.

18. As a result BARBARO TABARES-CARABEO's was severely injured and will require future treatment due to the negligence of the defendants including, but not limited to, countless trips to doctors and hospitals, surgeries, and therapy.

19. BARBARO TABARES-CARABEO has permanent damages.

## COUNT I- ORDINARY NEGLIGENCE

20. Plaintiff hereby incorporates each and every preceding paragraph by reference as if set forth herein, word for word.

21. At the time of impact, the ordinary negligence of the defendants included, but was not limited to:

   a. DAVID KAHIU and QWETU INC., by and through the theory of *Respondeat Superior* and agency principles, drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of Title 49, Code of Federal Regulations, §396.13(a);

   b. DAVID KAHIU and QWETU INC., by and through the theory of *Respondeat Superior* and agency principles, operated a motor in such a condition as was likely to cause an wreck in violation of the provisions of Title 49, Code of Federal Regulations, §396.7(a);

   c. DAVID KAHIU and QWETU INC. placed on the highways of this state a commercial motor vehicle with defective equipment;

   d. DAVID KAHIU and QWETU INC., by and through the theory of *Respondeat Superior* and agency principles, operated a 2003 Freightliner tractor with defective equipment;

   e. DAVID KAHIU and QWETU INC., individually, failed to inspect the tractor-trailer in violation of the provisions of Title 49, Code of Federal Regulations, §396.3(a);

 f. DAVID KAHIU and QWETU INC., by and through the theory of *Respondeat Superior* and agency principles, operated a tractor-trailer when it was not in a safe and proper operating condition in violation of the provisions of Title 49, Code of Federal Regulations, §396.3(a)(1);

 g. DAVID KAHIU and QWETU INC., by and through the theory of *Respondeat Superior* and agency principles, failed to keep a proper lookout in violation of A.C.A. 27-51-104(a);

 h. DAVID KAHIU and QWETU INC., by and through the theory of *Respondeat Superior* and agency principles, failed to keep his vehicle under proper control in violation of A.C.A. 27-51-104(b)(6);

 i. DAVID KAHIU and QWETU INC., by and through the theory of *Respondeat Superior* and agency principles, failed to use of the highest degree of care;

 j. DAVID KAHIU and QWETU INC., by and through the theory of *Respondeat Superior* and agency principles, failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2:

 k. DAVID KAHIU and QWETU INC., by and through the theory of *Respondeat Superior* and agency principles, engaged in careless and prohibited driving;

22. As a direct and proximate result of the above-described negligent acts of DAVID KAHIU being imputed to Defendant QWETU INC., and the directly

negligent acts of each defendant, individually, BARBARO TABARES-CARABEO was injured and the damages proximately caused are set forth below in the DAMAGES section.

### COUNT II – NEGLIGENT HIRING

23. Plaintiff hereby incorporates each and every preceding paragraph by reference as if set forth herein, word for word.

24. QWETU INC. had a duty to have adequate policies and procedures in place to ensure they hire trained, qualified, and competent drivers

25. QWETU INC. failed in their duty and were negligent when they chose not to have in place and/or chose not to follow proper policies and procedures, resulting in the hiring of drivers that were neither qualified nor competent to perform the duties of driving a commercial vehicle

26. QWETU INC.'S negligence in hiring unqualified and incompetent personnel was a proximate cause of the injuries to BARBARO TABARES-CARABEO and the damages proximately caused are set forth below in the DAMAGES section.

### COUNT III – NEGLIGENT TRAINING

27. Plaintiff hereby incorporates each and every preceding paragraph by reference as if set forth herein, word for word.

28. QWETU INC. had a duty to have adequate policies and procedures in place to ensure they properly and sufficiently trained qualified and competent drivers.

29. QWETU INC. failed in their duty and were negligent when they chose not to have in place and/or chose not to follow proper policies and procedures, resulting

6

in the inadequate training of drivers that were not qualified and competent to perform the duties of driving a commercial vehicle.

30. QWETU INC.'S negligence in failing to properly train personnel was a proximate cause of the injuries to BARBARO TABARES-CARABEO and the damages proximately caused are set forth below in the DAMAGES section.

### COUNT IV – NEGLIGENT SUPERVISION

31. Plaintiff hereby incorporates each and every preceding paragraph by reference as if set forth herein, word for word.

32. QWETU INC. had a duty to have adequate policies and procedures in place to ensure they properly and sufficiently supervise qualified, and competent drivers.

33. QWETU INC. failed in their duty and were negligent when they chose not to have in place and/or chose not to follow proper policies and procedures, resulting in the inadequate supervision of drivers responsible for driving a commercial vehicle in this community.

34. QWETU INC.'S negligence in failing to properly supervise personnel was a proximate cause of the injuries to BARBARO TABARES-CARABEO and the damages proximately caused are set forth below in the DAMAGES section.

### COUNT V – NEGLIGENT RETENTION

35. Plaintiff hereby incorporates each and every preceding paragraph by reference as if set forth herein, word for word.

36.  QWETU INC. had a duty to have adequate policies and procedures in place to ensure they properly and sufficiently retained qualified and competent drivers.

37.  QWETU INC. failed in their duty and were negligent when they chose not to have in place and/or chose not to follow proper policies and procedures resulting, in the retention of unqualified and/or incompetent drivers.

38.  QWETU INC.'S negligence in retaining unqualified and incompetent personnel was a proximate cause of the injuries to BARBARO TABARES-CARABEO and the damages proximately caused are set forth below in the DAMAGES section.

## DAMAGES

39.  Plaintiff hereby incorporates each and every preceding paragraph by reference as if set forth herein, word for word.

40.  As a direct and proximate result of DAVID KAHIU'S negligent and reckless conduct imputed to the Defendant QWETU INC., and the negligent and reckless conduct of QWETU INC., individually, Plaintiff BARBARO TABARES-CARABEO has endured pain, suffering, and mental anguish and will continue to endure damages in the future.

41.  Specifically, due to the negligence of the Defendants, the Plaintiff BARBARO TABARES-CARABEO, is entitled to damages for the following:

   1. The nature, extent duration, and permanency of his injuries, both temporary and permanent to BARBARO TABARES-CARABEO;

2. The reasonable expense of all past medical care, treatment, and services received including transportation and board and lodging expenses necessarily incurred in securing such care, treatment, or services for BARBARO TABARES-CARABEO;

3. The present value of all necessary medical care, treatment, and services including transportation and board and lodging expenses necessarily incurred in securing such care reasonably certain to be required in the future for BARBARO TABARES-CARABEO;

4. The pain, suffering, and mental anguish experienced in the past by BARBARO TABARES-CARABEO;

5. The pain, suffering, and mental anguish reasonably certain to be experienced in the future by BARBARO TABARES-CARABEO;

6. The value of earnings lost by BARBARO TABARES-CARABEO and the present value of any earnings reasonably certain to be lost in the future;

7. The present value of any loss of BARBARO TABARES-CARABEO'S ability to earn in the future;

8. The scars, disfigurement, and visible results of BARBARO TABARES-CARABEO'S injuries;

9. The fair value of any personal property lost by BARBARO TABARES-CARABEO as a result of the Defendants' negligence;

10. All other damages afforded under the law or deemed applicable by the Arkansas Model Jury Instructions to which BARBARO TABARES-CARABEO is entitled.

## PUNITIVE DAMAGES

45. Plaintiff hereby incorporates each and every preceding paragraph by reference as if set forth herein, word for word.

46. Defendants DAVID KAHIU and QWETU INC., individually and independent of each other, knew, or ought to have known, in light of the surrounding circumstances that their individual conduct would naturally and probably result in serious injury to the public, yet they each continued such conduct in reckless disregard of the consequences from which malice may be inferred.

47. Therefore, the Plaintiff prays for punitive damages as against each Defendant, individually, sufficient to punish each of them, and to deter others from similar conduct.

## JURY TRIAL DEMANDED

48. By reason of the above damages proximately caused by the negligent conduct of DAVID KAHIU imputed to the Defendant QWETU INC., and the negligent and reckless conduct of DAVID KAHIU and QWETU INC., individually, BARBARO TABARES-CARABEO, is entitled to recover from the Defendants, and each of them, jointly and severally, a sum greater than the Federal Court jurisdictional limits for diversity suits.

49. The Plaintiff demands a trial by jury.

50. The Plaintiff reserves the right to amend this pleading including, but not limited to, additional counts and facts supportive of compensatory and/or punitive damage claims as discovery develops, as provided by the Arkansas Rules of Civil Procedure.

WHEREFORE, premises considered, the Plaintiff, BARBARO TABARES-CARABEO prays for judgment over and against the Defendants, David Kahiu; and Qwetu Inc., jointly and severally, for sums in excess of the Federal Court jurisdictional limits in diversity cases; for costs of this action; and all other damages or relief to which the Plaintiff may be entitled.

Dated this ___ day of February, 2017.

Respectfully Submitted,

BARBARO TABARES-CARABEO

PLAINTIFF

By: _____
Jay Neal AR Bar #2010187
TAYLOR KING LAW
320 Main Street
Arkadelphia, AR 71923
Voice (870) 246-0505
Fax   (870) 246-0529